# Exhibit A

## Egleson, Christopher M.

**From:** Eric Deters <Eric@ericdeters.com>
**Sent:** Friday, October 10, 2025 6:10 AM
**To:** Egleson, Christopher M.; Chianese, Christina Prusak; Richard Porotsky
**Cc:** Loretta Little
**Subject:** RE: Rule 26 conference med pro
**Attachments:** 20251010090842.pdf

**Categories:** Attachments Saved

**EXTERNAL EMAIL - Use caution with links and attachments.**

See attached.



Eric Deters
859-250-2527 (Cell)
eric@ericdeters.com
Deters Consulting
Chairman Eric Deters Media
Retired Ohio Lawyer 2013
Retired Kentucky Lawyer 2021
No Current Law License

*"Aggressive Fighting for the right is the noblest sport the world affords." -TR*
Push Strength!

---

**From:** Egleson, Christopher M. <cegleson@sidley.com>
**Sent:** Thursday, October 9, 2025 5:05 PM
**To:** Eric Deters <Eric@ericdeters.com>; Chianese, Christina Prusak <cchianese@sidley.com>; Richard Porotsky <richard.porotsky@dinsmore.com>
**Cc:** Loretta Little <llittle@ericdeters.com>
**Subject:** RE: Rule 26 conference med pro

Dear Mr. Deters,

Thank you for your response. We have prepared a propose Rule 26(f) report consistent with our agreement on the terms below. As you will see, we have filled in the required disclosures on our end, proposed dates for a case schedule as you suggested that we do, and made a few additional proposals to address specific requirements in the report. Please let us know if this is acceptable or if you have any comments.

Additionally, per Section 3(e) please confirm that you are preserving all potentially relevant ESI and hard copy documents, and identify the formats in which such information is stored.

If you will kindly respond promptly, we can get this on file in advance of our joint deadline on October 15, next Wednesday.

Best regards,

Chris Egleson

**CHRISTOPHER M. EGLESON**

**SIDLEY AUSTIN LLP**
+1 650 565 7108
cegleson@sidley.com

---

**From:** Eric Deters <Eric@ericdeters.com>
**Sent:** Thursday, October 2, 2025 6:16 AM
**To:** Egleson, Christopher M. <cegleson@sidley.com>; Chianese, Christina Prusak <cchianese@sidley.com>; Richard Porotsky <richard.porotsky@dinsmore.com>
**Cc:** Loretta Little <llittle@ericdeters.com>
**Subject:** RE: Rule 26 conference med pro



Eric Deters
859-250-2527 (Cell)
eric@ericdeters.com
Deters Consulting
Chairman Eric Deters Media
Retired Ohio Lawyer 2013
Retired Kentucky Lawyer 2021
No Current Law License

*“Aggressive Fighting for the right is the noblest sport the world affords.” -TR*
Push Strength!

---

**From:** Egleson, Christopher M. <cegleson@sidley.com>
**Sent:** Wednesday, October 1, 2025 7:31 PM
**To:** Eric Deters <Eric@ericdeters.com>; Chianese, Christina Prusak <cchianese@sidley.com>; Richard Porotsky <richard.porotsky@dinsmore.com>
**Cc:** Loretta Little <llittle@ericdeters.com>
**Subject:** RE: Rule 26 conference med pro

Dear Mr. Deters,

As discussed below, we are prepared to proceed according to your request to begin our Rule 26(f) meet and confer by email in the first instance, and this email is to begin that process. Here is the Plaintiffs’ position on a number of preliminary matters relevant to the Rule 26(f) process. Please provide your position in response.

1. We propose that the parties agree to exchange initial disclosures by November 14, 2025.

2. Plaintiffs do not believe that this case should proceed under the jurisdiction of a magistrate judge, so we propose to mark that the parties do not consent to such jurisdiction.

3. Plaintiffs believe that factual and expert discovery should be bifurcated, with factual discovery proceeding first and expert discovery commencing following its conclusion.

4. Plaintiffs propose that the parties enter into a stipulated protective order to govern the designation of documents as confidential during the course of discovery as well as to provide a procedure for claims of privilege or protection under Federal Rule of Evidence 502. Plaintiffs can prepare a proposed draft stipulation.

5. Plaintiffs propose that depositions be limited to 7 hours, that the number of depositions be set after further discovery, and that the number of interrogatories remain at 25.

6. Plaintiffs are willing to entertain any reasonable offers of settlement to resolve the case at this early stage. We also understand if Defendant prefers to discuss settlement at a later juncture when the case has progressed further.

As noted, we ask that you provide us with your position on these preliminary matters so we can work together through the remaining Rule 26(f) items, including the preparation of a proposed schedule.

Best regards,

Chris Egleson

**CHRISTOPHER M. EGLESON**

**SIDLEY AUSTIN LLP**
+1 650 565 7108
cegleson@sidley.com

****************************************************************************************************
This e-mail is sent by a law firm and may contain information that is privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.
****************************************************************************************************

**From:** Egleson, Christopher M.
**Sent:** Thursday, September 18, 2025 9:21 AM
**To:** 'Eric Deters' <Eric@ericdeters.com>; Chianese, Christina Prusak <cchianese@sidley.com>; Richard Porotsky <richard.porotsky@dinsmore.com>
**Cc:** Loretta Little <llittle@ericdeters.com>
**Subject:** RE: Rule 26 conference med pro

Dear Mr. Deters:

Thanks, that's a reasonable suggestion. We'll send a draft presently, and we can figure out if we are on the same page. If we do not need a call, we will have no problem proceeding on paper.

Best regards,

Chris

**CHRISTOPHER M. EGLESON**

**SIDLEY AUSTIN LLP**
+1 650 565 7108
cegleson@sidley.com

---

**From:** Eric Deters <Eric@ericdeters.com>
**Sent:** Thursday, September 18, 2025 9:04 AM
**To:** Egleson, Christopher M. <cegleson@sidley.com>; Chianese, Christina Prusak <cchianese@sidley.com>; Richard Porotsky <richard.porotsky@dinsmore.com>
**Cc:** Loretta Little <llittle@ericdeters.com>
**Subject:** Rule 26 conference med pro

Do you three want to draft an initial draft of a Rule 26 joint schedule?

I see no need for a call

I suggest you make a draft and proposal
Send me
Ill reply
Reach agreement

If you want a call

Loretta can schedule 8593631900
Sent from my iPhone

**3. Discovery Plan.**

**a.** *Discovery Issues.* Describe the subjects on which discovery is to be sought and the nature, extent, and scope of discovery that each party needs to: (i) make a settlement evaluation, (ii) prepare for case dispositive motions, and (iii) prepare for trial:

"The counterclaim includes....."

The Complaint includes claims for abuse of process, extortion, and defamation under Ohio law. The scope of discovery in this case will include written discovery, depositions, and subpoenas to third parties as to all facts and circumstances related to those claims and the matters raised in the Complaint. The parties will need to complete both fact and expert discovery in order to prepare for dispositive motions, if any, and trial.

**b.** *Bifurcation.* The parties recommend that discovery:

☒ need not be bifurcated.

☐ should be bifurcated between liability and damages.

☒ should be bifurcated between factual and expert.

disagree

☐ should be limited in some fashion or focused upon particular issues that relate to .

**c.** *Recommended Discovery Deadlines.*

i. Disclosure of lay witnesses: N/A

ii. Disclosure and report of Plaintiff(s) expert(s):

1. Identification of expert witnesses and general subject matter of expert testimony: November 13, 2026

2. Exchange of opening expert reports: December 11, 2026

iii. Disclosure and report of Defendant(s) expert(s):

1. Identification of expert witnesses and general subject matter of expert testimony: November 13, 2026

2. Exchange of opening expert reports: December 11, 2026

iv. Disclosure and report of rebuttal expert(s): January 29, 2027

v. Discovery cutoff:

1. Fact Discovery: October 30, 2026

c. Dispositive motions: April 16, 2027

5. **Hearing Dates.** The parties recommend the following dates for:

a. Status conference (if any): At a later date to be determined by the Court following the close of fact discovery.

b. Final pretrial conference: At a date to be determined by the Court.

c. Commencement of trial: At a date to be determined by the Court.

i. Anticipated number of days: To be determined following the close of discovery.

6. **Settlement and Alternative Dispute Resolution.**

a. Suggestions as to the type and timing of efforts at Alternative Dispute Resolution: The Parties believe that mediation may be appropriate when discovery has further advanced.

b. Has a settlement demand been made? ☐ Yes ☒ No

A response? ☐ Yes ☒ No

Date by which a settlement demand can be made: To be determined.

Date by which a response can be made: To be determined.

You are lieing → I made one – your email

7. **Other matters pertinent to the scheduling or management of this litigation**:

None at this time.

**SUBMITTED BY:**

s/ ______________________
Attorney for

______________________
Attorney for

______________________
Attorney for

______________________
Attorney for

______________________
Attorney for

______________________
Attorney for