UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**MEDPRO GROUP INC.**, *et al.*,

    **Plaintiffs,**

  v.                                              Civil Action 1:25-cv-630
                                                            Judge Edmund A. Sargus, Jr.
                                                            Magistrate Judge Chelsey M. Vascura

**ERIC C. DETERS,**

    **Defendant.**

## CASE MANAGEMENT ORDER

This matter is before the Court following the reassignment of this case from Judge Jeffery P. Hopkins to Judge Edmund A, Sargus, Jr., and the subsequent assignment of the undersigned Magistrate Judge. (ECF Nos. 34, 43.) Judge Hopkins entered a Scheduling Order (ECF No. 24) and a Case Management Order Regarding Pre-Motion Procedures (ECF No. 22) prior to the case's reassignment. For clarity, all provisions of those Orders **REMAIN IN EFFECT** following the case's reassignment.

The undersigned has reviewed Defendant's Motion to Revoke Case Management Order Regarding Pre-Motion Procedures (ECF No. 47), in which Defendant represents he has no memory of agreeing to the Order's terms. However, the transcript of the October 22, 2025 preliminary pretrial conference before Judge Hopkins confirms Defendant's agreement:

> THE COURT: All right. So there is a suggestion on [Plaintiffs'] part that this Court enter an order, and I have forgotten which document, which pleading that is attached to -- oh, yes, the 26(f), that limits -- I guess it's a preclearance almost of any further motions pretrial, there has to be a two-page letter requesting the ability to file a pretrial motion before the Court will allow that to happen.
>
> Mr. Deters, do you oppose that, this case management order that's been submitted by the plaintiff MedPro here?

>MR. DETERS: No, I do not.
>
>THE COURT: We'll enter the order then requiring any pretrial motions to have preclearance by this Court before they can be filed, and that pretrial letter that comes to the Court shall not exceed two pages in length.

(Tr. of Telephonic Prelim. Pretrial Conference Proceedings before the Honorable Jeffery P. Hopkins, 18–19, ECF No. 28.) Accordingly, Defendant's Motion to Revoke Case Management Order Regarding Pre-Motion Procedures (ECF No. 47) is **DENIED**.

In addition, the undersigned **ORDERS** as follows with regard to case management:

**Discovery Deadline and Limitations**

The parties may, without further leave of Court, agree to exceed the limitations on discovery established by the Federal Rules of Civil Procedure or the Local Rules of this Court. If the parties are unable to reach an agreement on any matter related to discovery, prior to filing a motion, they are directed to arrange an informal conference with the Court.

All discovery shall be completed by **March 12, 2027**. For purposes of complying with this Order, the parties must schedule their discovery in such a way as to require all responses to be served prior to the deadline and must also file any motions relating to discovery within the discovery period.

**Dispositive Motions**

Case dispositive motions must be filed by **April 16, 2027**.

**Settlement**

The parties have already exchanged settlement demands. The parties agree to make a good faith effort to settle this case. The parties understand that this case will be referred to an attorney mediator, or to the Magistrate Judge, for a settlement conference in **November 2026**. In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference. The parties understand

that they will be expected to comply fully with the settlement order which requires *inter alia* that settlement demands and offers be exchanged prior to the conference and that principals of the parties attend the conference.

Referral to court-facilitated mediation has no effect on the case schedule. All deadlines established in this Order will remain in place unless the parties move for and are granted a continuance or stay. In the event the parties schedule a private mediation, they may notify the Court and request to be excused from participation in court-facilitated mediation.

**Other Matters**

Any party intending to seek attorney fees and costs as a prevailing party shall make quarterly reports to the other party disclosing the to-date accrued attorney's fees and costs.

If any date set in this Order falls on a Saturday, Sunday, or legal holiday, the date of the next business day will control.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE