**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**MEDPRO GROUP INC.,** *et al.*,

       **Plaintiffs,**

    **v.**
                                    **Civil Action 1:25-cv-630**
                                      **Judge Edmund A. Sargus, Jr.**
                                      **Magistrate Judge Chelsey M. Vascura**

**ERIC C. DETERS,**

       **Defendant.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiffs, MedPro Group Inc., and The Medical Protective Company (collectively, "Plaintiffs" or "MedPro"), sue Defendant, Eric C. Deters, for abuse of process, extortion, and defamation arising out of Defendant's conduct as a former lawyer who spearheaded an allegedly abusive litigation campaign against Plaintiffs.  This matter is before the Court on Plaintiffs' Motion for Protective Order, in which Plaintiffs request an order restraining Defendant from harassing MedPro's CEO or any other employee, witness, or attorney for Plaintiffs. (ECF No. 114.) For the reasons below, it is **RECOMMENDED** that Plaintiffs' Motion be **GRANTED**.

This matter is further before the Court on several requests by Defendant pursuant to the Court's Case Management Order (ECF Nos. 22, 53) for permission to file non-dispositive pre-trial motions (ECF Nos. 60-2, 61, 66, 68). All of these requests to file motions are **DENIED**.

### I.     PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

A district court has the inherent power to sanction a party exhibiting bad faith. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–50 (1991). That inherent authority includes the power to

prohibit the harassment or intimidation of witnesses to protect the integrity of judicial proceedings. *See United States v. Vasilakos*, 508 F.3d 401, 411 (6th Cir. 2007). Such prohibitions have been entered, for example, when a *pro se* litigant pressured a witness to change his testimony, with the threat of legal action should the witness not comply, *see Greene v. Indep. Pilots Ass'n*, No. 3:14-CV-628-TBR, 2018 WL 1022592, at *8 (W.D. Ky. Feb. 22, 2018), *aff'd*, No. 18-5296, 2018 WL 9651540 (6th Cir. Oct. 4, 2018); when a *pro se* litigant directly contacted the opposing parties' officers and employees, instead of counsel, *see Yao v. Oakland Univ.*, No. 2:21-CV-10523, 2022 WL 187760, at *1 (E.D. Mich. Jan. 20, 2022); and when a *pro se* litigant maintained websites and made social media posts disparaging parties, counsel, and judges related to the litigation, and used those websites and posts to pressure opposing parties to offer favorable settlement terms, *see Fredin v. Middlecamp*, No. 17-CV-03058 (SRN/HB), 2020 WL 6867424, at *5–6 (D. Minn. Nov. 23, 2020), *aff'd*, 855 F. App'x 314 (8th Cir. 2021). Additionally, "a court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers*, 501 U.S. at 45–46 (cleaned up).

MedPro's evidence demonstrates that Defendant has engaged in sanctionable conduct. In a series of posts and videos on Defendant's social media accounts (which Defendant alleges have 500,000 followers) from December 6, 2024, through April 21, 2026, Defendant made violent threats against MedPro's CEO, Tim Kenesey, stating that Mr. Kenesey is "as evil as [the murdered CEO of UnitedHealthcare,] Brian Thompson" (Dec. 8, 2024 Video, 2:02, Ex. AA-6); stating that Mr. Kenesey might be "the most evil of all health insurance company executives" (Dec. 14, 2024 Video, 6:15, Ex. AA-11); wondering why anyone should be upset about "someone executing, in revenge, a CEO of a health insurance company" (*id.* at 9:45); stating that "evil, wicked people should die" and identifying MedPro executives as such individuals: "I have

2

never come across . . . more wicked, evil scumbags than Medical Protect[ive] . . . I'm not going to kill them, but I think they do deserve to die" (Apr. 2, 2026 Video 5:00, 6:45, Ex. AA-1); and stating that his former clients might "have to murder somebody to get somebody's attention to the media on Medical Protective." (Dec. 9, 2024 Video, 7:10, Ex. AA-8.) Defendant also published what he believed to be Mr. Kenesey's home address online and urged his followers to protest at the residence. (Dec. 18, 2024 Facebook Post, ECF No. 114-5) Defendant has also stated with regard to Mr. Kenesey, "I am going to do all I can to get him fired and get him divorced" (Dec. 17, 2024 Video, 5:08, Ex. AA-4) and served discovery requests on MedPro seeking information about Mr. Kenesey's personal life (Def.'s Interrogs. No. 8–12, ECF No. 114-21) (asking, among other things, whether Mr. Kenesey has ever cheated on his wife, for contact information for Mr. Kenesey's marriage counselors, and for the resume of Mr. Kenesey's son who serves in the military). In correspondence with MedPro's counsel, Defendant has expressed numerous times that he hopes MedPro's attorneys "die a painful death of spine cancer." (Emails, Sept. 24, 2025, through Dec. 16, 2025, ECF Nos. 114-10 through 114-14.)

To address Defendant's conduct, Plaintiffs seek a protective order prohibiting Defendant from harassing Mr. Kenesey or other MedPro-related individuals. Plaintiffs also seek their attorney's fees incurred in bringing this Motion. Plaintiffs' requested relief is eminently reasonable in light of Defendant's inflammatory and harassing conduct.

## II.     DEFENDANT'S REQUESTS TO FILE NON-DISPOSITIVE MOTIONS

The undersigned has reviewed Defendant's requests to file non-dispositive pre-trial motions at ECF Nos. 60-2 (proposing a motion to quash Plaintiffs' subpoenas on grounds of privilege), 61 (duplicative of ECF No. 60-2), 66 (proposing a motion to compel further discovery responses from Plaintiffs), and 68 (proposing a motion to stay discovery pending resolution of Defendant's anti-SLAPP/UPEPA motion at ECF Nos. 11, 21) and finds that none of Defendant's

proposed motions would have merit. Accordingly, Defendant's requests to file motions at ECF Nos. 60-2, 61, 66, and 68 are denied.

### III.    DISPOSITION

For the reasons above, Defendant's requests to file motions at ECF Nos. 60-2, 61, 66, and 68 are **DENIED**.

It is **RECOMMENDED** that Plaintiffs' Motion for Protective Order (ECF No. 114) be **GRANTED**, and that:

- Defendant be **ENJOINED** during the pendency of this litigation from harassing, intimidating, or directing harassing, threatening, or abusive communications to Mr. Kenesey, any other witness, any officer, director, or employee of Plaintiffs, counsel in this case, or any family member of any such person, including by

    o publishing, disseminating, or otherwise making public the home address or personal identifying information of any such person, or

    o publishing, disseminating, or otherwise making any statement that any such person "deserves to die" or any statement wishing or inciting physical harm; and

- Defendant be **ORDERED** to pay Plaintiffs' attorney's fees incurred in bringing this Motion.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive

4

further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

5