**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**MEDPRO GROUP INC.**, *et al.*,

      **Plaintiffs,**

      **v.**

**ERIC C. DETERS,**

      **Defendant.**

          **Case Number 1:25-cv-630**
          **Judge Edmund A. Sargus, Jr.**
          **Magistrate Judge Chelsey M. Vascura**

## <u>ORDER</u>

This matter is before the Court on an Order and Report and Recommendation issued by the Magistrate Judge on June 23, 2026 (ECF No. 120) and Plaintiffs MedPro Group Inc. and The Medical Protective Company's Motion for Protective Order (ECF No. 114).

In June 2026, Plaintiffs filed a Motion for Protective Order. (ECF No. 114.) Defendant Eric Deters filed a response in opposition. (ECF No. 118.) The Magistrate Judge issued an Order and Report and Recommendation (ECF No. 120) recommending this Court grant Plaintiffs' Motion (ECF No. 114).

As explained by the Magistrate Judge, this case arises out of Defendant's conduct as a former lawyer who spearheaded an allegedly abusive litigation campaign against Plaintiffs. Plaintiffs seek an order restraining Defendant from harassing MedPro's Chief Executive Officer, Tim Kenesey, or any other employee, witness, or attorney for Plaintiffs. (ECF No. 114). They assert that Defendant has been posting videos to his alleged 500,000 followers on social media, disclosing Mr. Kenesey's home address and stating that Mr. Kenesey is "as evil as [murdered CEO of UnitedHealthcare] Brian Thompson" and "deserves to die." (*Id.* PageID 2650.) They

also state that Defendant has expressed in emails and a court filing that he hopes MedPro's attorneys "die of spine cancer or other painful death." (*Id.*)

The Magistrate Judge explained that a district court has the inherent authority to sanction a party exhibiting bad faith, including prohibiting the harassment or intimidation of witnesses to protect the integrity of judicial proceedings. (ECF No. 120, PageID 4177–78 (collecting cases).) Upon review of Plaintiffs' evidence, the Magistrate Judge concluded that Defendant has engaged in sanctionable conduct and that Plaintiffs are entitled to a protective order and to their attorneys' fees incurred in bringing the Motion. (*Id.* PageID 4178–79.) The Magistrate Judge recommended that:

- Defendant be ENJOINED during the pendency of this litigation from harassing, intimidating, or directing harassing, threatening, or abusive communications to Mr. Kenesey, any other witness, any officer, director, or employee of Plaintiffs, counsel in this case, or any family member of any such person, including by

    o publishing, disseminating, or otherwise making public the home address or personal identifying information of any such person, or

    o publishing, disseminating, or otherwise making any statement that any such person "deserves to die" or any statement wishing or inciting physical harm; and

- Defendant be ORDERED to pay Plaintiffs' attorneys' fees incurred in bringing this Motion.

(*Id.* PageID 4180.)

After a magistrate judge issues a report and recommendation, any party may object within 14 days by serving and filing written objections to the magistrate judge's proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C). Failure to object results in waiver of the right to a *de novo* review of the report and recommendation by the district court. *See United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). The Magistrate Judge advised the parties of their right to object to the Report and Recommendation and the consequences of

2

failing to do so. (ECF No. 120, PageID 4180–81.) The deadline to file objections was July 7, 2026. The deadline has passed, and no party filed an objection.

The Court **ADOPTS** and **AFFIRMS** the Order and Report and Recommendation (ECF No. 120) and **GRANTS** Plaintiffs MedPro Group Inc. and The Medical Protective Company's Motion for Protective Order (ECF No. 114).

Defendant is **ENJOINED** during the pendency of this litigation from harassing, intimidating, or directing harassing, threatening, or abusive communications to Tim Kenesey, any other witness, any officer, director, or employee of Plaintiffs, counsel in this case, or any family member of any such person, including by

- publishing, disseminating, or otherwise making public the home address or personal identifying information of any such person, or

- publishing, disseminating, or otherwise making any statement that any such person "deserves to die" or any statement wishing or inciting physical harm.

Failure to comply with this Order may result in Court-ordered sanctions, fines, or contempt proceedings.

Additionally, Plaintiffs are entitled to the attorneys' fees incurred in bringing their Motion for Protective Order (ECF No. 114). Plaintiffs are **DIRECTED** to file on the docket an itemized billing statement evidencing all fees incurred in bringing their Motion for Protective Order (ECF No. 114) **within 30 days** of the date of this Order.

This case remains open.

**IT IS SO ORDERED.**


**7/14/2026**
**DATE**

**s/Edmund A. Sargus, Jr.**
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

3