UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MEDPRO GROUP INC., *et al.*,

        Plaintiffs,

v.

                                    Civil Action 1:25-cv-630
                                    Judge Edmund A. Sargus, Jr.
ERIC C. DETERS,                        Magistrate Judge Chelsey M. Vascura

        Defendant.

## ORDER

This matter is before the Court on Defendant's Motion to Disqualify Judge Edmund Sargus and Magistrate Stephanie [*sic*] Vascura (ECF No. 146). Therein, Defendant seeks recusal of both the District Judge and Magistrate Judge assigned to this case. Defendant contends that the judicial officers have demonstrated bias against him by (1) not yet ruling on several of Defendant's motions, including his Motions to Dismiss (ECF Nos. 11, 21), (2) refusing to stay discovery (ECF No. 120), (3) requiring Defendant to request permission to file non-dispositive motions (ECF No. 22), and (4) entering a protective order enjoining Defendant from harassing Plaintiffs, their employees, their counsel, or their families (ECF No. 144).

A district judge or magistrate "shall" disqualify himself or herself in any proceeding in which the judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Recusal under this statute involves an objective inquiry:

> [§ 455(a)] is "not based on the subjective view of a party," *United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993) (citation omitted), and rather imposes an objective standard: a judge must disqualify himself "where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might

reasonably be questioned." *United States v. Adams*, 722 F.3d 788, 837 (6th Cir. 2013) (citation omitted).

*Burley v. Gagacki*, 834 F.3d 606, 615–16 (6th Cir. 2016) (internal quotation marks and citations omitted). The burden is on the moving party to justify disqualification. *Id.* at 616. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555, (1994). To the contrary, "[a]lmost invariably, they are proper grounds for appeal, not for recusal." *Id.* A judge's opinions are grounds for recusal only where they "derive[ ] from an extrajudicial source" or "they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id.* "[E]xpressions of impatience, dissatisfaction, annoyance, and even anger" do not meet this high bar. *Id.* at 555–56. Mere disagreement about the Court's ruling in a case is not a ground for disqualification or recusal. *See id.*; *Garver v. United States,* 846 F.2d 1029, 1031 (6th Cir. 1988).

Here, Defendant's Motion establishes only that he disagrees with several of the undersigned's rulings. Defendant makes no demonstration of bias or partiality sufficient to require recusal as to either judicial officer. Accordingly, Defendant's Motion (ECF No. 146) is **DENIED**.

**IT IS SO ORDERED.**

/s/ *Edmund A. Sargus, Jr.*
EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE


/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

2