**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**MEDPRO GROUP INC., *et al.*,**

**Plaintiffs,**

**v.**

**ERIC C. DETERS,**

**Defendant.**

**Case Number 1:25-cv-630**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Chelsey M. Vascura**

**OPINION AND ORDER**

This matter is before the Court on four motions to dismiss: Defendant Eric Deters's Motion to Dismiss Complaint (ECF No. 11); Plaintiffs MedPro Group Inc. and The Medical Protective Company's Motion to Dismiss for Failure to State a Claim (ECF No. 14); Mr. Deters's Motion to Dismiss Based Upon Ohio's Uniform Public Expression Protection Act (ECF No. 21); and Mr. Deters's Motion to Dismiss Counterclaim (ECF No. 70, PageID 1995).

For the reasons stated in this Opinion and Order, Mr. Deters's motions to dismiss the Complaint (ECF Nos. 11, 21) are **DENIED**; Mr. Deters's motion to dismiss the Counterclaim is **DENIED as moot** (ECF No. 70, PageID 1995); and Plaintiffs' motion to dismiss (ECF No. 14) is **DENIED as moot**.

**BACKGROUND**

Plaintiffs MedPro Group Inc. and The Medical Protective Company (together, "MedPro") filed this suit against Mr. Deters arising out of a protracted legal dispute involving his conduct as a former lawyer who spearheaded an allegedly abusive litigation campaign against MedPro. (ECF No. 1.) They explain that in 2010, Mr. Deters began representing a number of former patients suing Dr. Abubakar Atiq Durrani, a spine surgeon, for performing unnecessary

surgeries. (*Id.* ¶ 2.) Durrani was indicted in federal court and has fled the country. (*Id.*) Durrani's malpractice insurer, MedPro, maintains that it has no obligation to cover Durrani's liabilities because Durrani obtained his policies under false pretenses, the policies exclude coverage for intentional fraud or willful misconduct, and Durrani violated his duty to cooperate in his defense by fleeing the country. (*Id.*)

Mr. Deters admits that he maintains a "significant financial interest" in the Durrani litigation. (ECF No. 10, ¶ 2.) Because of this financial interest, MedPro alleges that Mr. Deters has embarked on a "calculated scheme to extract payments from MedPro," through abusive litigation and extortion through threats of violence, murder, and blackmail against the company's Chief Executive Officer, Tim Kenesey. (ECF No. 1, ¶ 3.) They allege that Mr. Deters has repeatedly caused lawsuits to be filed in the name of the Durrani plaintiffs, claiming that MedPro helped Dr. Durrani flee the country. (*Id.* ¶ 4.) But before any rulings in those cases were issued, MedPro alleges, Mr. Deters caused the cases to be voluntarily dismissed and then new, materially identical actions to be commenced—all for the purpose of putting pressure on MedPro to "heed his payout demands." (*Id.*) They also allege that he caused lawsuits to be filed against MedPro's lawyers to "heap greater settlement pressure on MedPro and to interfere with MedPro's attorney-client relationships." (*Id.* ¶ 6.)

MedPro alleges that Mr. Deters's conduct has escalated to threats and blackmail. They allege that he posted threatening messages on his social media about Mr. Kenesey, including references to the murder of UnitedHealthcare CEO Brian Thompson and statements that Mr. Kenesey is evil and deserves a similar fate. (*Id.* ¶ 7.) They allege he also threatened violence against the chairman of MedPro's parent company, Warren Buffet, as well as MedPro's lawyers. (*Id.*) Additionally, they allege that he attempted to blackmail MedPro by threatening to disclose

purportedly damaging personal information about Mr. Kenesey unless the company paid him; and that Mr. Deters has defamed MedPro by falsely claiming that it arranged a "hit" on him and that it is under FBI investigation. (*Id.* ¶ 8, 97, 113.)

MedPro filed this suit in federal court under diversity jurisdiction, "seek[ing] to hold [Mr.] Deters accountable for his unlawful conduct and to recover damages for the harm he has caused." (*Id.* ¶ 9, 12.) MedPro brings the following claims: (1) abuse of process, (2) extortion, and (3) defamation under Ohio law. (*See id.*) They seek $3.4 million in monetary damages plus interest, attorneys' fees, and punitive damages, as well as injunctive relief. (*Id.*) Mr. Deters filed two motions to dismiss the Complaint. (ECF Nos. 11, 21.)

Mr. Deters filed a Verified Answer and Counterclaim, alleging that MedPro filed this lawsuit with ulterior motives to intimidate, embarrass, humiliate, and harm him and to gain an advantage in the Durrani litigation. (ECF No. 10.) His Counterclaim brings the following claims: (1) abuse of process, (2) malicious prosecution, (3) negligent infliction of emotional distress, (4) intentional infliction of emotional distress, (5) defamation, and (6) punitive damages. (*Id.*)

MedPro filed a motion to dismiss the Counterclaim. (ECF No. 14). Subsequently, Mr. Deters requested to file a motion to dismiss his Counterclaim. (ECF No. 70.)

This Opinion and Order addresses the parties' motions to dismiss (ECF Nos. 11, 14, 21, 70) and various collateral issues related to those motions.

## ANALYSIS

Before turning to the motions to dismiss, a brief overview of Ohio's Uniform Public Expression Protection Act ("UPEPA"), Ohio Rev. Code §§ 2747.01–2747.06, is warranted, as both sides invoke the statute in their respective motions to dismiss.

## I. Ohio's Uniform Public Expression Protection Act

Ohio's UPEPA, like other anti-strategic litigation against public participation ("anti-SLAPP") statutes, provides for expedited dismissal of meritless lawsuits that are brought primarily to chill constitutionally protected speech. *See Croce v. Sanders*, 459 F. Supp. 3d 997, 1028 (S.D. Ohio 2020) (Graham, J.).

The statute allows a party to file a "motion for expedited relief to dismiss [a] civil action or claim" within 60 days of being served with a complaint or counterclaim. Ohio Rev. Code § 2747.02. Once the motion is filed, all other proceedings are stayed. *Id.* § 2747.03.[1] The court must hold a hearing on the motion within 60 days of the filing and rule on the motion within 60 days of the hearing. *Id.* § 2747.04(A), (D).[2] When ruling on the motion, the court considers whether the nonmovant has failed to establish a *prima facie* case for each essential element of the cause of action, or state a claim upon which relief can be granted, or whether there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *Id.* § 2747.04(C)(3). The statute contains a fee-shifting provision authorizing the recovery of attorneys' fees, costs, and other litigation expenses in certain circumstances. *Id.* § 2747.05(A), (B). Finally, a denial of a motion for expedited relief under the statute is a final order. *Id.* § 2747.05(C).

"Under the *Erie* doctrine, federal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law." *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 374 (6th Cir. 2009) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). Because anti-SLAPP

---

[1] This provision of the statute has not been applied in this case.
[2] These provisions of the statute have not been applied in this case.

laws are largely procedural, a circuit split has emerged regarding whether state anti-SLAPP laws apply in federal court. Five circuits have found that state anti-SLAPP laws are inapplicable in federal court, while two circuits have found that they are. *Contrast La Liberte v. Reid*, 966 F.3d 79, 87–88 (2d Cir. 2020), *Klocke v. Watson*, 936 F.3d 240 (5th Cir. 2019), *Los Lobos Renewable Power, LLC v. AmeriCulture, Inc.*, 885 F.3d 659, 668–69 (10th Cir. 2018), *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1351 (11th Cir. 2018), *and Abbas v. Foreign Policy Grp., LLC*, 783 F.3d 1328, 1333 (D.C. Cir. 2015) *with Godin v. Schencks*, 629 F.3d 79, 81 (1st Cir. 2010) *and CoreCivic, Inc. v. Candide Grp., LLC*, 46 F.4th 1136, 1143 (9th Cir. 2022). The Sixth Circuit has not definitively ruled on the issue. *See Apex Bank v. Rainsford*, No. 21-6238, 2022 U.S. App. LEXIS 32277, at *8–9 (6th Cir. Nov. 22, 2022) (assuming, without deciding, that Tennessee's anti-SLAPP statute's procedural framework does not apply in federal court).

Because of the circuit split, it is unclear to the Court whether Ohio's anti-SLAPP statute is applicable in federal court. MedPro appears to acknowledge the *Erie* issue, as reflected in its briefing addressing particular provisions of the statute. The Court will address those provisions as they arise in this Opinion and Order.

## II. Mr. Deters's Motion to Dismiss (ECF No. 11)

Mr. Deters filed a Motion to Dismiss Complaint. (ECF No. 11.) MedPro responded in opposition (ECF No. 16) and Mr. Deters replied in support (ECF No. 17).

### A. Standard of Review

Before filing this motion to dismiss, Mr. Deters filed a Verified Answer and Counterclaim. (ECF No. 10.) Under the Federal Rules of Civil Procedure, a party cannot file a motion to dismiss under Rule 12(b)(6) after filing an answer. Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is

allowed.”). Thus, the Court will construe this motion as a motion for judgment on the pleadings under Rule 12(c). *See McGlone v. Bell*, 681 F.3d 718, 728 n.2 (6th Cir. 2012).

The standard for review for judgment on the pleadings is the same as the standard for a motion to dismiss under Rule 12(b)(6). *Mellentine v. Ameriquest Mortg. Co.*, 515 F. App’x 419, 423 (6th Cir. 2013). “To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to ‘state a claim to relief that is plausible on its face.’” *Ashcroft v Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting *Bell Atl. Corp. v Twombly*, 550 U.S. 554, 570 (2007)). “A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.” *Id.* at 678.

**B. Mr. Deters’s Arguments**

In his Motion, Mr. Deters argues that the Complaint should be dismissed because it fails to state a cause of action. (ECF No. 11, PageID 1300.) For the abuse-of-process claim, he states that he is not a plaintiff in the underlying litigation and has not filed a single lawsuit against MedPro. (*Id.*) But nothing in Ohio law signifies that Mr. Deters must be the plaintiff or plaintiff’s lawyer in the underlying litigation to be liable for abuse of process. A claim for abuse of process consists of three elements: (1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process. *Yaklevich v. Kemp, Schaeffer & Rowe Co., L.P.A.*, 626 N.E.2d 115, 118 (Ohio 1994). The Complaint alleges that Mr. Deters “caused” abusive litigation to be filed against MedPro in the names of plaintiffs he controlled because of his financial interest in the Durrani litigation. (ECF No. 1, ¶¶ 2–4, 100–03.) Those allegations are sufficient to plead that Mr. Deters set the underlying proceedings in motion.

Next, Mr. Deters argues that he cannot be liable for extortion in a civil matter because he has never been criminally charged with or convicted of extortion. (ECF No. 11, PageID 1301.) That argument is unavailing. Ohio law permits "[a]nyone injured in person or property by a criminal act . . . [to] recover full damages in a civil action." Ohio Rev. Code § 2307.60(A)(1). And the Ohio Supreme Court has expressly held that a criminal conviction is not a prerequisite for civil liability under § 2706.60. *Buddenberg v. Weisdack*, 161 N.E.3d 603, 608 (Ohio 2020).

Regarding defamation, Mr. Deters argues that everything he has ever said about MedPro is either a factual truth or his opinion. (ECF 11, PageID 1301.) He emphasizes that the Kentucky and Ohio UPEPA apply to him and his media company, and that he has a First Amendment right to "say all [he] has said and will continue to say." (*Id.*)

In Ohio, statements that are substantially true or opinion cannot serve as the basis of a defamation claim. *Croce v. Sanders*, 843 F. App'x 710, 713 (6th Cir. 2021). Neither of these defenses warrants dismissal of the defamation claim in this case, however. Unless truth is undisputed, "[t]he truth of the statements is a matter of fact and is not properly determined at the motion to dismiss stage." *Hersh v. Grumer*, 176 N.E.3d 1135, 1145 (Ohio Ct. App. 2021). The truth of Mr. Deters's statements is in dispute. (ECF No. 11, PageID 1301; ECF No. 16, PageID 1391.) As for opinion, statements that have a "precise meaning and thus [are] likely to give rise to clear factual implications" are not opinions. *Bentkowski v. Scene Mag.*, 637 F.3d 689, 694 (6th Cir. 2011) (quoting *Wampler v. Higgins*, 752 N.E.2d 962, 978 (Ohio 2001)). "Typical examples of actionable language include accusations of punishable criminal or disciplinary conduct." *Id.* (quoting *Vail v. The Plain Dealer Publ'g Co.,* 649 N.E.2d 182, 185 (Ohio 1995)). Mr. Deters's statements that MedPro hired someone to kill him and that MedPro is under FBI investigation fall within the first example and thus are not opinions.

Lastly, Mr. Deters states that res judicata and collateral estoppel apply here because judges have "rejected requests to enjoin and gag [Mr. Deters] when [MedPro's attorney] made the same request" in other cases. (ECF No. 11, PageID 1301.) Mr. Deters does not provide any additional information about those cases or analysis of how res judicata and collateral estoppel apply. The Court declines to address this undeveloped and unsupported argument. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") (quoting *Citizens Awareness Network, Inc. v. U.S. Nuclear Reg. Comm'n*, 59 F.3d 284, 293–94 (1st Cir. 1995)).

For these reasons, Mr. Deters's Motion to Dismiss (ECF No. 11) is **DENIED** under Rule 12(b)(6). Had the Court considered the motion under Ohio's anti-SLAPP statute, the result would be the same. *See* Ohio Rev. Code § 2747.04(C)(3)(a).

**C. Attorneys' Fees Under Ohio's Anti-SLAPP Statute**

MedPro's response in opposition to this motion seeks its attorneys' fees for responding to the motion under Ohio's anti-SLAPP statute. (ECF No. 16, PageID 1394–95.) Ohio Revised Code § 2747.05(B) states:

> If the court denies a motion for expedited relief under section 2747.04 of the Revised Code, and finds that the motion was frivolous conduct as defined in section 2323.51 of the Revised Code, the court, after the disposition of any appeal affirming the court's ruling on the motion, shall award to the responding party reasonable attorney's fees, court costs, and other reasonable litigation expenses incurred in responding to the motion.

Under the statute, the denial of an anti-SLAPP motion is a final order and the moving party has an interlocutory right of appeal. Ohio Rev. Code § 2747.05(C). Thus, if the anti-SLAPP statute is applicable in federal court, the denial of Mr. Deters's Motion to Dismiss (ECF No. 11) is

appealable and MedPro can recover its attorneys' fees after the disposition of an appeal that affirms this ruling.

The Court questions which, if any, of these anti-SLAPP provisions is applicable in federal court because they may conflict with federal procedural rules. *See* 28 U.S.C. §§ 1291, 1292; Fed. R. Civ. P. 11(c). Even if they are applicable in federal court, MedPro's request for attorneys' fees is not ripe. Accordingly, if MedPro wishes to recover its fees incurred in responding to Mr. Deters's Motion to Dismiss (ECF No. 11), they must file a separate motion for attorneys' fees at the appropriate time that states the statute or rule under which they are moving, and its applicability in federal court, if applicability is in question.

## III. Mr. Deters's Motion to Dismiss Based Upon Ohio's Uniform Public Expression Protection Act (ECF No. 21)

Mr. Deters also filed a one-page Motion to Dismiss Based Upon Ohio's Uniform Public Expression Protection Act (ECF No. 21.) MedPro responded in opposition. (ECF No. 26) and Mr. Deters replied in support (ECF No. 29).

In this motion, Mr. Deters states: "I, and my media company, Eric Deters Media, are covered under Ohio Chapter 2747 against lawsuits designed to silence my lawful exercise of free speech and participation in public issues." (ECF No. 21, PageID 1483.) He attaches a motion to dismiss based on Kentucky's UPEPA filed against him in a different case (*id.* PageID 1485–1507) and asks "the Ohio version of all [those] arguments be applied to [him]" in this case. (*Id.* PageID 1483.)

Mr. Deters's motion states legal conclusions for which he provides no legal or factual support. Rather, he asks the Court to apply the arguments from a motion filed against *him* based on another state's anti-SLAPP law, without explaining how those arguments or Kentucky law should be adapted or applied under Ohio law to this case. "Issues adverted to in a perfunctory

manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson*, 125 F.3d at 995–96 (quoting *Citizens Awareness Network*, 59 F.3d 293–94). For this reason, the Court declines to consider the motion. Mr. Deters's Motion to Dismiss Based Upon Ohio's Uniform Public Expression Protection Act is **DENIED**. (ECF No. 21.)

Mr. Deters is reminded that "[a]ll motions and applications tendered for filing shall be accompanied by a memorandum in support thereof that shall be a brief statement of the grounds, *with citation of authorities relied upon*." S.D. Ohio Civ. R. 7.2(a)(1) (emphasis added).

MedPro's response in opposition to this motion seeks its attorneys' fees for responding to the motion under Ohio's anti-SLAPP statute. (ECF No. 26, PageID 1549 (citing Ohio Rev. Code § 2747.05(B).) As explained *supra* in Part II.C, if MedPro wishes to recover its attorneys' fees incurred in responding to Mr. Deters's Motion to Dismiss Based Upon Ohio's Uniform Public Expression Protection Act (ECF No. 21), it must file a separate motion for attorneys' fees.

## IV. MedPro's Motion to Dismiss (ECF No. 14) and Mr. Deters's Motion to Dismiss Counterclaim (ECF No. 70)

MedPro filed a Motion to Dismiss for Failure to State a Claim, which seeks dismissal of the Counterclaim. (ECF No. 14.) Mr. Deters filed a response stating that he will not file a separate response in opposition and instead relies on his reply (ECF No. 17) on his first motion to dismiss. (ECF No. 18) MedPro filed a reply arguing that Mr. Deters's failure to respond to its arguments results in waiver. (ECF No. 23, PageID 1510–11.) Months later, Mr. Deters requested permission to file a sur-reply to address "a Magistrate Recommendation on a collateral matter" and absolute privilege issues. (ECF No. 60-1.)

Mr. Deters then filed a notice requesting to file a "Motion to Dismiss Counterclaim," in which he seeks to dismiss his Counterclaim without prejudice because he "realizes the claims are more appropriate to be pursued after the disposition of this case." (ECF No. 70.) MedPro filed a response stating that under the Federal Rules of Civil Procedure, Mr. Deters is permitted to voluntarily dismiss his claims as of right, but it contends that it is still entitled to a ruling on its motion to dismiss, including its request for attorneys' fees, under the UPEPA. (ECF No. 100.)

First, Mr. Deters's Motion to Dismiss the Counterclaim (ECF No. 70) is **DENIED as moot** because a motion is not required under Federal Rule of Civil Procedure 41(c)[3] and, in turn, Rule 41(a)(1)(A)(i). *See Aamot v. Kassel*, 1 F.3d 441, 443 (6th Cir. 1993) (stating that a court has no discretion to deny a dismissal under Rule 41(a)(1)(A)(i)). Thus, the Court construes Mr. Deters's Motion to Dismiss the Counterclaim (ECF No. 70, PageID 1995) as a notice of dismissal under Rule 41(c) and (a)(1)(A)(i) and deems the Counterclaim (ECF No. 10) to be **DISMISSED without prejudice**.

Next, because Mr. Deters's Counterclaim is dismissed, Mr. Deters's request to file a sur-reply (ECF No. 60-1) and MedPro's Motion to Dismiss for Failure to State a Claim seeking to dismiss the Counterclaim (ECF No. 14) are **DENIED as moot**.

---

[3] Federal Rule of Civil Procedure 41(c) permits a counterclaim to be voluntarily dismissed without a court order under Rule 41(a)(1)(A)(i) "(1) before a responsive pleading is served; or (2) if there is no responsive pleading, before evidence is introduced at a hearing or trial." MedPro's Motion to Dismiss (ECF No. 14) is not a responsive pleading for purposes of Rule 41(c). *See Dep't of Educ. v. C.B.*, No. 11-00576 SOM/RLP, 2012 WL 1081073, at *3 (D. Haw. Mar. 29, 2012); *Albaneze v. Biegel*, No. 23-cv-07197 (JAV), 2025 WL 2958919, at *1 (S.D.N.Y. Oct. 17, 2025); *see also Herzog v. Sec'y of Health, Educ. & Welfare*, 686 F.2d 1154, 1162 (6th Cir. 1982) (Phillips, S.J., concurring) ("A motion to dismiss is not a responsive pleading.").

Lastly, the Court addresses MedPro's assertion that it is entitled to a ruling on its motion despite the dismissal of the Counterclaim under the anti-SLAPP statute to receive their attorneys' fees. Ohio Revised Code § 2747.04(E)(1) states:

> A voluntary dismissal without prejudice of a responding party's cause of action, or part of a cause of action, that is the subject of a motion for expedited relief does not affect a moving party's right to obtain a ruling on the motion for the purpose of obtaining attorney's fees, court costs, and other litigation expenses under section 2747.05 of the Revised Code.

The Court questions whether this provision of the statute is applicable in federal court because it appears to conflict with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P 11(c), 41(a). As explained *supra* in Part II.C, if MedPro wishes to recover its attorneys' fees incurred in filing its Motion to Dismiss for Failure to State a Claim (ECF No. 14), it must file a separate motion for attorneys' fees.

## CONCLUSION

For the reasons stated in this Opinion and Order, (ECF No. 11) Defendant Eric Deters's Motion to Dismiss Complaint is **DENIED**; (ECF No. 14) Plaintiffs MedPro Group Inc. and The Medical Protective Company's Motion to Dismiss for Failure to State a Claim is **DENIED as moot**; (ECF No. 21) Defendant Eric Deters's Motion to Dismiss Based Upon Ohio's Uniform Public Expression Protection Act is **DENIED**; and (ECF No. 70, PageID 1995) Defendant Eric Deters's Motion to Dismiss the Counterclaim is **DENIED as moot**.

Additionally, (ECF No. 10) Defendant Eric Deters's Counterclaim is deemed to be **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 41(c) and (a)(1)(A)(i). And (ECF No. 60-1) Defendant Eric Deters's request to file a sur-reply is **DENIED as moot**.

This case remains open.

**IT IS SO ORDERED.**

**7/28/2026**
**DATE**

**s/Edmund A. Sargus, Jr.**
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**